### CORNELIUS O'CONNOR *vs.* PATRICK HALLINAN.

When the wife of one of the parties is offered under the St. of 1865, c. 207, § 2, as a witness on a trial, the determination by the judge, preliminary to her admission or exclusion, of the fact whether the cause in issue was transacted with her in her husband's absence, is not a subject of exceptions.

ACTION on the Gen. Sts. *c.* 137, for possession of a tenement in Cambridge. Trial and verdict for the plaintiff, in the superior court, before *Rockwell,* J., who allowed a bill of exceptions of which this is the material part:

The defendant contending that he was lawfully in possession of the land by virtue of a contract of lease made with the plaintiff, " the plaintiff offered evidence tending to prove that the rent was in arrear, and that fourteen days' notice was given the defendant to quit. The plaintiff had testified that the contract was made with the husband, both the husband and wife being present. The defendant had testified that his wife made the contract. He testified also that the plaintiff told him, ' Mind you; it is not for two years that you get this home; it is for a year and eleven months;' and that he paid the plaintiff fifty dollars. The defendant called his wife as a witness, in his own behalf, under the St. of 1865, *c.* 207, § 2, and offered by her to prove that the contract and the cause of action in issue was made by her with the plaintiff, and in her husband's absence; and that by the terms of said contract no rent was due and payable, in respect to the premises described in the writ, to the

plaintiff, at the time of the service of said notice to quit, or at the date of the plaintiff's writ. But the judge refused to permit the defendant's wife to testify, and ruled that she was not a competent witness for him; to which refusal and ruling the defendant excepted."

*J. W. Reed*, for the defendant.

*C. A. F. Swan*, for the plaintiff.

MORTON, J. In this case the contract in issue and on trial was the contract by which the plaintiff leased to the defendant the land in question. The plaintiff's right to maintain his action depended upon the question whether by the terms of this contract rent was in arrear at the time he gave the defendant notice to quit. If this contract was made with the wife of the defendant in his absence, she was a competent witness under the provisions of the St. of 1865, *c.* 207, § 2. If it was not made with her in her husband's absence, she was not a competent witness. The plaintiff testified that the contract was made with the defendant, his wife being present. The defendant testified that his wife made the contract, without stating whether in his presence or not. The defendant then offered his wife as a witness, and she was rejected by the court.

The fact upon which the competency of the wife depended was in dispute. It is clear that this fact must be settled in some mode before the question of her competency, that is, of her legal right and capacity to testify, could be decided. The question, whether a witness is competent, is, in its nature, a preliminary one, which must be decided by the presiding judge, unless in his discretion he sees fit to call in the aid of the jury. Formerly, before the disqualification of witnesses by reason of crime, or interest, or want of religious belief, was removed by statute, questions of this nature were of very frequent occurrence; and it was uniformly held that the question of the competency of a witness must first be tried by the court, either by examining the witness on his *voir dire*, or by testimony *aliunde*, before he could be sworn in chief and be permitted to testify to the jury. 1 Greenl. Ev. § 425. *Dole* v. *Thurlow*, 12 Met. 157. *Commonwealth* v. *Hills*, 10 Cush. 530. In the modern practice, ques-

tions of the competency of witnesses often arise in which the presiding judge is required to decide issues of fact, upon which their capacity to testify depends. It would be impracticable to submit these preliminary and collateral issues to the jury. *Kendall* v. *May,* 10 Allen, 59. The authorities cited above also fully establish the principle that in such cases the decision of the presiding judge of an issue of fact is final and not open to exception. See also *Commonwealth* v. *Morrell,* 99 Mass. 542; *Commonwealth* v. *Mullins,* 2 Allen, 295.

These considerations are decisive of the present case. The ruling that the defendant's wife was not a competent witness necessarily involved and depended upon the decision by the presiding judge of an issue of fact which cannot be revised by this court.                                        *Exceptions overruled.*