### EDWARD C. HAWKS *vs.* INHABITANTS OF CHARLEMONT.

No exception lies to the exclusion of the testimony of a witness offered as an expert, if it does not appear from the bill of exceptions but that the testimony was excluded because the witness was not properly qualified as an expert.

In an action to recover damages for removing stones from a river, in consequence of which the river washed away the plaintiff's land, evidence that the removal of stones at another place on the river produced the same effect which it was alleged that it produced at the place in question, is inadmissible, if it does not appear that all the conditions of the two events were the same, although witnesses testify that the two places are alike, so far as they can tell by the eye.

TORT for taking stones from the plaintiff's land adjoining Deerfield River, in consequence of which the river washed away part of the land.

At the second trial in the Superior Court, after the decision reported in 107 Mass. 414, before *Lord,* J., the jury returned a verdict for the plaintiff for only $11.86, and the judge allowed the following bill of exceptions:

"The plaintiff offered evidence tending to show that the defendants, by their agents, entered upon and passed over his close and took from the bed of Deerfield River, near the channel of the river and near the soil of his close, a quantity of loose cobble stones to which he claimed title by virtue of his rights as a riparian owner. These stones were of a kind of which large tracts of the bed of the river were composed for some miles, both above and below the place about which this controversy arose. At this point they lay in the position into which they had been thrown by the action of the water. They were round, loose and movable by the water of the river at its higher stages. At low

water, or at ordinary stages of water, they were bare and uncovered by the water, which, in its ordinary condition, flowed near the bank opposite the plaintiff's bank, and between such bank and that part of the river bed from which the stones were taken. The bank or bed of stones was lowered to a greater or less extent by the taking of the stones as aforesaid; one witness giving his opinion that in the deepest place it was lowered nearly two feet, and some of the witnesses testifying that after a high freshet the stones in the bed of the river took such a position that they could not tell by the appearance that any stones had been removed. The plaintiff and at least one other witness testified that the lowered condition of the bed of the river continued after freshets subsequent to the defendants' acts. The plaintiff's evidence tended to show that this lowering of the bed of stones was in some places considerable, but not to such extent as to make a new channel to the river, nor to cause any water to flow in the places whence the stones were taken, except at high stages of water filling the whole river bed; that some months subsequent to the removal of the stones a freshet occurred; that the bed of stones and the plaintiff's adjacent soil were covered with water; that the edge of the bank and soil of the plaintiff were to some extent washed away, at or against the place whence the stones were taken; that after this freshet the appearance of the river bed was apparently the same as before the removal of the stones; and that both the bed of stones and the soil had been always covered by water in times of freshets.

"The plaintiff then offered to prove by witnesses, who for many years had lived near the river and in sight thereof, at the place whence the stones had been taken, but who did not appear to have seen the action of the water at the time the bank was washed away, that the washing away of the plaintiff's soil was in consequence of the previous removal of the stones. To this the defendants objected, and the judge ruled that the witnesses might state what they had observed as to changes which had taken place, but that their opinions as to the changes being the result of such previous removal of the stones were incompetent. The plaintiff offered to prove further by these witnesses that in their

opinion further and greater damage would ensue to the plaintiff's close from said removal of · stones ; but, the defendants objecting, this evidence was excluded.

" The plaintiff also offered the testimony of the same witnesses to prove that, at a point above and adjacent to the place whence the stones had been taken, where the channel, the shore, the soil on the shore and the current of the water in the river were like the channel, the shore, the soil and the current on and against the plaintiff's land, stones had been removed some years previously and in a manner like that pursued by the defendants in this case (but in amount not exactly equal to that taken away by the defendants, nor did the plaintiff offer to show a likeness in the two situations to a mathematical certainty, but that in all respects there was a likeness so far as the witnesses could judge) ; and he offered to show that in consequence of such removal of stones at said place above the plaintiff's close the water of the river was turned against the shore, the soil washed away, trees uprooted and serious damage done.   The defendants objected.   The judge ruled that if the plaintiff could show that the localities and all the elements entering into the occurrences taking place at each locality were alike, the evidence might be offered ; and the plaintiff, after examining some of his witnesses and finding that they were unable to state with certainty the condition of things either on the former occasion or on that in reference to which the suit was brought, (the witnesses however having testified that in their opinion the two places were alike in all respects so far as they could judge without measurement or survey,) on intimation from the judge that this testimony as to the likeness between the places did not meet the requirements of his ruling, abandoned his attempt and excepted to the rulings as above."

*S. T. Field*, for the plaintiff.

*W. S. B. Hopkins*, (*S. O. Lamb* with him,) for the defendants.

COLT, J.   Whether a witness whose testimony is offered has the knowledge or experience which qualifies him to give an opinion, in a matter where opinions are admissible in evidence, is a question of fact in the first instance for the court.   It concerns the competency of the evidence, and no exception lies to the ad

mission or rejection of the proffered opinion, unless upon a report of all the evidence before the judge it plainly appears that his decision was not justified by the facts proved. *Gorton* v. *Hadsell*, 9 Cush. 508. *O'Connor* v. *Hallinan*, 103 Mass. 547. As to the first exception, it is sufficient answer that it does not here appear that the evidence offered was not rejected because the witnesses were not properly qualified to give an opinion as to what caused the injury complained of. It is not necessary to decide whether the matter in dispute was of a character to require for its solution the opinions of witnesses possessing peculiar knowledge or experience.

The evidence of what occurred from the action of the water at another locality and at another time would have a tendency to mislead the jury, unless the forces and conditions which combined to produce this injury were the same. Similarity in situation would not be enough, and the witnesses offered were unable to state with certainty the actual condition of things on either occasion. There was no error in the exclusion of this evidence. *Presbrey* v. *Old Colony & Newport Railway Co.* 103 Mass. 1, 9.

*Exceptions overruled.*