## COMMONWEALTH *vs.* LEWIS J. GRAY.

Suffolk.   March 24. — September 6, 1880.

At the trial of an indictment for adultery, evidence of the reputation for chastity of the woman with whom the defendant is alleged to have committed adultery is competent.

INDICTMENT for adultery with Elizabeth Kirwan.

At the trial in the Superior Court, before *Bacon*, J., the government offered evidence tending to show that the defendant and Elizabeth Kirwan occupied a room in a lodging-house in Boston as husband and wife, for a period of about four weeks.

The defendant offered evidence to show that the general character of Elizabeth Kirwan for chastity was good. The government objected to the evidence; and the judge excluded it.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*G. W. Searle & J. H. Cotton,* for the defendant.

*G. Marston,* Attorney General, for the Commonwealth.

LORD, J. Evidence which tends directly to prove or disprove the issue which the pleadings in any case present is always competent. It may have more or less weight, but it is the right of the party offering it to have it considered by the jury. It rarely, however, happens, in the trial of a cause, that such evidence only is offered. This is especially true in every case in which the party having the burden of proof attempts to sustain it wholly by circumstantial evidence. In such case, every circumstance which is admitted in evidence becomes material, and may be controverted. Nor is the materiality of facts, not bearing directly upon the issue, confined to circumstances introduced upon issues to be sustained wholly by circumstantial evidence. It rarely happens, and in a contested case perhaps never happens, that some fact, in its character unimportant, and having no bearing upon the issue on trial, does not become material, so that evidence in relation to it cannot be rejected. The more common illustrations of this are perhaps time, place, or both time and place. In addition to these, collateral questions often arise which make facts material which otherwise are wholly unimportant. In criminal cases especially, the question of motive

or provocation may become material, and be the subject of testimony. While, in a criminal case, the identity of the party charged with the one on trial is always material, yet other questions of identity may constantly arise, upon which testimony becomes material and competent, which otherwise would be wholly unimportant. Questions of character or reputation may often become material, and such questions may relate to a building, or a locality, as well as to an individual. It is sometimes said, but not with entire accuracy, that it rests with the presiding judge in his discretion to admit or reject evidence, as he shall judge it to be or not to be too remote. It often happens that the competency of evidence may depend upon the existence of some other fact; whether such fact exists is a preliminary question, to be decided by the presiding judge. His decision as to such fact cannot be revised; but his ruling as matter of law that such fact renders the evidence competent or incompetent is the subject of revision; and upon examination, in all those cases in which the admission of the evidence is said to rest in the discretion of the presiding judge, we think it will be found that it is the decision of a preliminary fact upon which the find ing of the judge is conclusive, and which fact determines the competency of the evidence. See *Foster* v. *Mackay*, 7 Met. 531; *Commonwealth* v. *Mullins*, 2 Allen, 295; *Kendall* v. *May*, 10 Allen, 59; *Commonwealth* v. *Morrell*, 99. Mass. 542; *O' Connor* v. *Hallinan*, 103 Mass. 547.

In this case, the precise question presented by the exception under consideration is, whether evidence of the character or reputation for chastity of the person with whom the adultery of the defendant is alleged to have been committed is admissible. It is quite true that legally her character or reputation is not in issue. No judgment upon this indictment can affect either her or her reputation; and in no proceeding against her would a judgment upon this indictment be admissible in evidence. Still, her character or reputation may be a material fact, and so evidence upon it be competent and material. There can be no doubt that, upon an indictment for adultery, the defendant may be convicted upon evidence wholly circumstantial; and, from the nature of the offence, it commonly happens that the act is finally inferred from circumstances, which circumstances may

*a*

have in themselves very direct or only indirect bearing upon the issue.

Suppose, in a case depending upon circumstantial testimony, the government should offer evidence that the defendant, a married man, was seen at a late hour of the night to accompany a common prostitute to a house of ill fame, and was seen to leave that house early the next morning, it is quite apparent that not only the time, both at night and at morning, but the reputation both of the woman and the house, would be important and material, and evidence would be admissible upon each one of them; but neither of them is a fact which the judgment upon the indictment could in any mode affect, or in relation to which the judgment would be evidence. And so in relation to the character of the person with whom the adultery is alleged to have been committed; the judgment could indeed have no effect upon her, but her character is so connected with and so contributing to her identity that it becomes as really one of the necessary surrounding circumstances as any fact in the case. At any time, upon a charge of adultery, the government, after showing the defendant's presence under suspicious circumstances with a woman, may show that that woman is a prostitute; and it would seem to be reversing the humane maxim of the law to permit the government to prove as an independent fact the bad character of a woman in support of an issue, and to deny to the defendant the right to introduce evidence upon the same subject upon the same issue. It has long been held that, upon a charge against a defendant of rape, the want of chastity of the person alleged to be ravished is competent; *Commonwealth* v. *Kendall*, 113 Mass. 210; and yet a judgment upon such indictment has no bearing upon the character of the person assaulted, and an acquittal of the defendant upon the single and precise ground that the party alleged to be ravished consented to the act, and a judgment founded upon it, could never be given in evidence against her.

We are not dealing, and we have no right to deal, with the weight of the evidence, unless we can see that no possible harm could come to the defendant by its rejection. The evidence is not reported for our consideration of this question. It is, indeed, true that the excepting party must show that he has

suffered or been prejudiced by the ruling of the presiding judge He shows this *prima facie*, when he shows that the presiding judge has refused to admit evidence which is competent upon the issue on trial. It then becomes the duty of the other party to show that the rejection of the evidence could not possibly have injured him; and perhaps, if we assumed that all the evidence was reported for the purpose of enabling us to determine such question, we might be satisfied that the evidence ought not to have had any weight, if admitted, and so its rejection could have done the defendant no harm. It is easy to imagine such a case. A man is charged with adultery. It is proved that he has a wife alive in a foreign country, and, in entire ignorance of this fact, the party with whom the adultery is charged innocently and in good faith marries and cohabits with him. In such case, the more spotless the character of the woman, the greater, morally, is his guilt; and it would be easy to see that the rejection of evidence of her good character could not prejudice the defendant upon that state of facts. But in the case at bar we have not all the facts of the case, nor were the facts as before us reported with a view of testing the weight, but only the competency, of the evidence.                    *Exceptions sustained.*