## FRANKLIN FULLER *vs.* BOSTON & ALBANY RAILROAD COMPANY.

Suffolk.   March 13, 14. — Oct. 23, 1882.   ENDICOTT & DEVENS, JJ., absent.

In an action against a railroad corporation for personal injuries, the declaration alleged that the defendant's road crossed a certain highway in a city at grade; that, on a day named, while the plaintiff was crossing the track on said highway, and in the exercise of due care, he was struck by one of the defendant's locomotive engines, and received the injuries complained of, " through the negligence and carelessness of the defendant, who carelessly omitted to give any signal while approaching said highway with said locomotive, or warning the plaintiff by ringing a bell or blowing a whistle, or by a flagman or otherwise, that it was dangerous or unsafe then to cross, by reason of the approach of said locomotive." *Held*, that the declaration set out a good cause of action against the defendant at common law, but did not sufficiently state a cause of action under the St. of 1874, *c.* 372, § 164; and that, under the declaration, the plaintiff could not recover, unless he was using due care when hurt.

TORT for personal injuries.   The declaration was as follows: " And the plaintiff says that the defendant, at the time hereinafter mentioned, owned and operated a railroad running from said Boston to Albany, in the State of New York; that there is a public highway extending from Washington Street to Federal Street, in said Boston, called Kneeland Street; that the defendant's track, locomotive and cars cross said highway at grade; that on October 15, 1880, while the plaintiff was crossing said track, on said highway, and in the exercise of due care, he was struck and knocked down by one of the locomotives of the defendant, and his left foot and ankle cut off by said locomotive and train of cars thereto attached, his right leg severely injured and bruised, and divers other wounds and bruises inflicted upon the body of the plaintiff through the negligence and carelessness of the defendant, who carelessly omitted to give any signal while approaching said highway with said locomotive, or warning the plaintiff by ringing a bell or blowing a whistle, or by a flagman or otherwise, that it was dangerous or unsafe then to cross, by reason of the approach of said locomotive."

At the trial in the Superior Court, before *Rockwell,* J., the defendant contended, and asked the judge to rule, among other things, that the plaintiff could not recover on his declaration, unless he was using due care when hurt.   The judge refused so

to rule; and gave instructions, the nature of which appears in the opinion.

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*A. L. Soule*, for the defendant.

*R. M. Morse, Jr. & W. H. Towne*, for the plaintiff.

BY THE COURT. The declaration, which contains only one count, sets out a good cause of action against the defendant at common law. It does not sufficiently set out a cause of action under the St. of 1874, *c.* 372, § 164. *Wright* v. *Boston & Maine Railroad*, 129 Mass. 440. The learned judge who presided at the trial in the Superior Court held that the count set out two distinct causes of action, and allowed the plaintiff to go to the jury both upon the liability of the defendant at common law and on its liability under the statute. This was error. The defendant was entitled to the ruling asked, that the plaintiff could not recover on his declaration unless he was using due care when hurt. As there must be a new trial, it is not necessary to consider the other questions presented by the bill of exceptions.

*Exceptions sustained.*