MANUEL RODRIQUES, administrator, *vs.* NEW YORK, NEW
HAVEN, AND HARTFORD RAILROAD COMPANY.

Bristol.   October 23, 1911. — November 29, 1911.

Present: RUGG, C. J., MORTON, HAMMOND, & BRALEY, JJ.

*Negligence,* At railroad crossing, Railroad, Causing death.   *Railroad,* Failure to give
signals.   *Evidence,* Presumptions and burden of proof, Matter of conjecture.

At the trial of an action under St. 1906, c. 463, Part I, § 63, as amended by St. 1907,
c. 392, against a railroad corporation by the administrator of the estate of one
who, the declaration alleged, was killed at a crossing of the railroad with a
highway at grade because of negligence of the corporation or gross negligence
of some of its servants or agents, there was evidence tending to show that the
intestate's lifeless body was found on the crossing under a freight car of the
defendant on a dark night, and that previous to that the plaintiff's intestate was
last seen alive a few minutes before the accident when he was leaving a liquor
saloon a few minutes' walk from the place where his body was found.   There
was no further evidence as to his conduct.   *Held,* that the question, whether he
took any precautions for his safety at the crossing, was left on the evidence
entirely to conjecture so that there was no evidence for the jury as to his due
care.

St. 1906, c. 463, Part II, § 147, requiring that a bell or a whistle upon a locomo-
tive engine be sounded at a certain distance from a crossing of a railroad with
a highway at grade, applies only when the locomotive itself or the locomo-
tive with a car or cars attached to it approaches the crossing, and therefore
§ 245 of that part, establishing liability on the part of a railroad corporation
where the death of a traveller on a highway is caused by a failure to give
such signals, is inapplicable where the death is caused by one car only, with-
out any locomotive attached to it, being sent over the crossing without any
signal.

RUGG, C. J.   This is an action to recover damages for the
death of Joseph Rodriques, which occurred at a grade crossing
of the tracks of the defendant with a public way.   The declara-
tion contains two counts.   The first is under St. 1906, c. 463,
Part II, § 245, by which liability is established against a railroad
which fails to give signals required by said chapter, Part II,
§ 147, for the crossing of a public way, whereby death ensues
to a traveller on the way, unless his own gross or wilful negli-
gence or unlawful act contributed to the death.   The second
count is framed on § 63, Part I, of said chapter, as amended by

St. 1907, c. 392, which establishes liability on the part of a railroad or street railway for causing, by its own negligence or the gross negligence or unfitness of its servants or agents, the death of a passenger or of a person not a passenger or an employee who is in the exercise of due care. Under the second count, it was necessary for the plaintiff to prove such due care, while under the first count it was not, and the burden was cast upon the defendant of proving the gross or wilful negligence or unlawful act of the intestate as a contributing cause. *Brooks* v. *Fitchburg & Leominster Street Railway,* 200 Mass. 8, 14, 16. *Hamblin* v. *New York, New Haven, & Hartford Railroad,* 195 Mass. 555, 556.

Under the decisions of this court, it seems plain that there was no evidence of due care on the part of the deceased. He was last seen alive leaving a saloon at a distance of several minutes' walk from the crossing. A few minutes later his lifeless body was found on a grade crossing under a freight car of the defendant. There was no evidence to show his actions in the meantime. Whether he took any precautions for his own safety, as he approached the tracks, was left wholly to conjecture. The plaintiff was required by the statute to show, as a condition precedent to his recovery, that his intestate was in the exercise of due care. This means, when applied to a traveller at a railroad grade crossing, the active and intelligent exercise of his faculties to protect himself in a place of recognized danger. He was not excused because the night was dark from taking all reasonable precautions which the circumstances demanded. The absence of all evidence as to his conduct for a considerable time and distance before reaching the crossing is not a sufficient basis for an affirmative finding of due care at that place, where he was obliged to do something more than would satisfy the requirement of common prudence on the part of a traveller on a sidewalk or other portion of a public way unaffected by the perils of passing cars and trains. The case is governed upon this branch by *Walsh* v. *Boston & Maine Railroad,* 171 Mass. 52, 56; *Hinckley* v. *Cape Cod Railroad,* 120 Mass. 257, 262; *Cox* v. *South Shore & Boston Street Railway,* 182 Mass. 497, 499; *Moore* v. *Boston & Albany Railroad,* 159 Mass. 399. Cases like *Berry* v. *Newton & Boston Street Railway,* 209 Mass. 100, are plainly distinguish-

able. The plaintiff was not entitled to recovery on the second count.

It becomes necessary to inquire whether there was evidence for the jury on the first count. The crossing where the remains of the plaintiff's intestate were found was guarded during the daytime, but the casualty occurred after the flagman left on the evening of a December day. A freight train of the defendant had been parted east of the crossing, and the locomotive with one or two cars had proceeded westerly over the crossing to do some switching. A freight car "kicked" by this locomotive coming slowly stopped on the crossing in such a position as to block the whole street whereupon the body of the plaintiff's intestate was "found wedged under its westerly truck." There was evidence sufficient to warrant a finding that the whistle was not blown or the bell rung, as a warning for the coming of this car upon the crossing. *Slattery* v. *New York, New Haven, & Hartford Railroad,* 203 Mass. 453. But the requirement of said chapter 463, Part II, § 147, that a railroad corporation shall cause a bell to be rung or a whistle to be sounded, does not apply where, in switching, a single car detached from a locomotive passes a crossing. The necessary implication from said §§ 147 and 245 is that the whistle must be sounded or the bell rung only when the locomotive itself or cars attached to the locomotive pass the crossing. *White* v. *New York, New Haven, & Hartford Railroad,* 200 Mass. 441, 444. The reason for this well may be that the Legislature did not intend to create what might be in many instances almost an intolerable nuisance of noise in neighborhoods where highways cross switching yards or tracks used in part for switching purposes, but to leave the protection of travellers there to the general obligation resting upon railroad companies, under all circumstances to use due care at every crossing, and upon the powers conferred on the board of railroad commissioners to order the erection of gates and the stationing of flagmen. Since the car which struck the plaintiff's intestate was not one for which the statutory signals were required, the plaintiff failed to make out any case under his first count.

It becomes unnecessary to consider whether there was any negligence on the part of the defendant or gross negligence of its servants or agents. It follows that a verdict should have

been directed for the defendant, and in accordance with the terms of the report* the entry must be

*Judgment for the defendant.*

The case was submitted on briefs.

*E. B. Jourdain,* for the plaintiff.

*F. S. Hall & T. J. Feeney,* for the defendant.

---

* The case was tried before *Sherman,* J. At the close of the evidence, by agreement of the parties, the presiding judge ordered the jury to return a verdict for the plaintiff for $2,000, and reported the case to this court, judgment to be entered for the defendant if a verdict should have been ordered for it; otherwise, judgment to be entered for the plaintiff on the verdict.