EDWIN POOLE *vs.* BOSTON AND MAINE RAILROAD.

Franklin. September 17, 1912. — October 15, 1912.

Present: RUGG, C. J., MORTON, HAMMOND, BRALEY, & DECOURCY, JJ.

*Negligence,* Railroad, *Res ipsa loquitur.* *Evidence,* Presumptions and burden of proof.

At the trial of an action against a railroad corporation for personal injuries caused by a collision in the night-time at a grade crossing of the defendant's railroad and a highway between a carriage in which the plaintiff was riding and freight cars of the defendant, there was evidence tending to show that, just before the carriage reached the crossing, the plaintiff saw a train pass, that after the passing of the train and just before the collision the crossing was clear, that on the crossing the carriage was struck by two cars and a caboose which had become detached from the preceding train and had approached the crossing with no light, no warning signal and without a rear brakeman at his post of duty, that the crossing was unguarded, and that the main body of the train after the collision stopped fourteen hundred feet and the three detached cars only from five to seven car lengths beyond the crossing. There was no evidence of any curve or grade in the track at the crossing or of any defect in the cars that would account for the train breaking apart. *Held,* that there was evidence that the collision was caused by negligence for which the defendant was responsible.

In an action against a railroad corporation by a traveller on a highway who was injured in a collision at a grade crossing between a carriage in which he was and three cars which had become detached from a freight train that had just gone over the crossing and which were proceeding without any light or warning signal and without a rear brakeman at his post of duty, the fact, in the absence of any explanation, that the train had broken apart while the track and cars were under the exclusive control of the defendant, will warrant a jury in inferring negligence on the part of the defendant.

In an action against a railroad corporation for personal injuries sustained in a collision at a grade crossing of a highway with the defendant's railroad, there was evidence tending to show that as the plaintiff in a carriage driven by another person was approaching the crossing in the night-time he saw a freight train pass in front of them, that the driver held up the horse before proceeding over the .

track, and that the plaintiff looked in both directions on the track and listened and heard only the rumble of the train that had passed, that when the carriage reached the crossing it was struck by three cars which had become detached from the rear of the train that had just passed and which were proceeding without a light or a warning signal and with the rear brakeman absent from his post of duty. *Held*, that findings were warranted that both the plaintiff and the driver of the carriage were in the exercise of due care.

TORT at common law for personal injuries caused by a collision, at a grade crossing of the defendant's railroad with Water Street in Orange, between a carriage of one Baker in which the plaintiff was and a freight train of the defendant or cars detached therefrom. Writ dated December 14, 1911.

In the Superior Court the case was tried before *Fessenden*, J. There was evidence for the plaintiff tending to show that Baker and the plaintiff had driven to Athol from Orange to have some empty beer bottles of the plaintiff filled and were returning to Orange at eleven o'clock at night when the accident occurred. The plaintiff, who was the only witness as to his relations with Baker, testified that he knew of no other errand that Baker had that occasioned the journey to Athol. Baker was killed by the collision. . Other evidence on the question of the due care of the plaintiff and of Baker is stated in the opinion.

There was evidence tending to show that, after the collision, marks were found as of something that had run into the side of the two cars just ahead of the caboose, had scraped the paint and had jammed the woodwork, that horse hairs were found on some of the iron work of the second car from the caboose, and that on the rear steps of the caboose on the side from which the team had approached there were indications of blood and of human brains. Other evidence as to the circumstances of the collision is described in the opinion.

At the close of the evidence the judge ordered a verdict for the defendant; and the plaintiff alleged exceptions.

*W. A. Davenport*, for the plaintiff.

*D. Malone*, for the defendant.

DeCOURCY, J. About eleven o'clock on the night of May 17, 1911, a collision occurred at a grade crossing on Water Street in the town of Orange, between a carriage in which the plaintiff was riding and an east-bound freight train of the defendant; and one Baker, the owner and driver of the horse, was killed and the plain-

tiff was seriously injured. This action is based upon the alleged common law negligence of the railroad and is here on exceptions to the order of the trial judge directing a verdict for the defendant.

1. On the issue of the defendant's negligence there was evidence entitling the plaintiff to go to the jury. It is admitted that the rear car or caboose broke away from the train, and the plaintiff contends that the marks upon the next two cars indicate that they also left the rest of the train at the same time. The jury were not compelled to believe the testimony of the trainmen, that the separation of the train occurred on the crossing. On the contrary they could accept the plaintiff's statement that as the carriage approached the tracks he saw the train pass, and that the crossing was clear just before the collision; and they could infer therefrom that the caboose, and possibly two coal cars, became detached from the train before reaching Water Street. Further, there was no curve or grade at the crossing, and no defect in the cars was testified to that would account for a breaking apart of the train at that place; and there was evidence that when all the cars came to a stop after the accident, the caboose was only from five to seven car lengths away, while the main portion of the train was about fourteen hundred feet distant.

In the absence of explanation, the fact that the freight train broke apart when the track and cars were under the exclusive control of the defendant, would warrant the jury in inferring negligence, in an action by one who was not its employee. *Griffin* v. *Boston & Albany Railroad*, 148 Mass. 143. *Thyng* v. *Fitchburg Railroad*, 156 Mass. 13, 19. The only explanation suggested by the defendant is that the horse was driven into the side of the train, and that the wagon or horse caused the front end of the caboose, which weighed more than twenty tons, to be raised high enough to lift one knuckle over the other in a coupler that was six inches in height. This explanation the jury might regard as inherently improbable and disproved by the fact that only slight damage was done to the horse and wagon. And they might find direct evidence of negligence in conduct which allowed cars detached from a train, without lights or warning signal and with the rear brakeman absent from his post of duty, to pass over an unguarded grade crossing.

We have not considered the case as brought under St. 1906, c.

463, Part II, § 245, for failure to give the required statutory signals in approaching the crossing of a public way. The declaration does not set forth this cause of action; *Fuller* v. *Boston & Albany Railroad,* 133 Mass. 491; and the statute is inapplicable to a collision with a car that has broken away from a train under circumstances like those on which the plaintiff relies. *Rodriques* v. *New York, New Haven, & Hartford Railroad,* 210 Mass. 305.

2. The issue of the plaintiff's due care was also for the jury, whether he be judged by his own conduct or regarded as identified with Baker in the joint prosecution of a common purpose and so subject to the doctrine of imputed negligence. *Shultz* v. *Old Colony Street Railway,* 193 Mass. 309. It could not be ruled as matter of law that the driver Baker was negligent. There was evidence that when the carriage was approaching the tracks a freight train passed over the crossing, undoubtedly the one from which, as it later appeared, the caboose had broken away. There was no reason to suppose that another train would follow immediately after this one which was seen and whose retreating rumble was heard. Nevertheless the driver held up his horse before proceeding over the tracks, and the plaintiff testified that he himself then looked in both directions and listened. Whether reasonable care would have disclosed to the sight or hearing of either of them the approach of the car or cars that had parted from the train was a question for the jury.

*Exceptions sustained.*