THE PEOPLE, RESPONDENT, *v.* CRUZ ET AL., APPELLANTS.

APPEAL from the District Court of San Juan, Section 2.

No. 605.—Decided June 10, 1913.

ADULTERY—CIRCUMSTANTIAL EVIDENCE.—Although in nearly all cases of adultery the carnal intercourse between the parties must be inferred from the attending circumstances, the mere fact that two persons of different sexes are alone in a room, although at night, is not sufficient in the absence of other corroborating circumstances to justify the conclusion that the offense was committed.

The facts are stated in the opinion.
Mr. *Eugenio Benítez Castaño* for the appellants.
Mr. *Charles E. Foote, fiscal,* for The People.
MR. JUSTICE ALDREY delivered the opinion of the court.

On February 14, 1913, the District Court of San Juan, Section 2, rendered a judgment finding Dolores Cruz and María Teresa Torres guilty of the crime of adultery and sentenced them to the payment of a fine or imprisonment in default of payment thereof and to the payment of one-half of the costs each.

From this judgment the present appeal was duly taken to this court based on the ground that the evidence was not sufficient to sustain the judgment, with which allegation the *fiscal* of this court agreed and both in his brief and oral argument acquiesced in the prayer for a reversal.

From the evidence as a whole it appears that Dolores Cruz, who is married but lives separated from his wife, Carmen Serrano or Benítez, was seen lying in bed in his room, dressed, about midnight, the woman, María Teresa Torres, who occupied another room in the said house, being in the same room standing near the bed of Dolores Cruz, also dressed. The accused were seen in the same position on two occasions during that night at an interval of about a quarter of an hour.

Dolores Cruz testified that he had been separated from his wife for about three months; that on the night in question he had retired to his room at about 11.30 p. m. not feeling well and that as he had no one to prepare a potion for him he called his neighbor, the other accused, for that purpose, who mixed and gave him an orange-leaf tea, after taking which he went to bed without undressing and fell into a doze, for which reason he did not know whether his neighbor had left or not until he was called by the police.

In almost every case of adultery the act of carnal intercourse between the man and the woman must be deduced from the circumstances, but in order that the circumstances may be sufficient to support a judgment of conviction they must be of such a nature as to lead a just and reasonable man to the conclusion that the offense had been committed. *Common-*

*wealth* v. *Gray,* 129 Mass., 474, 37 Am. Rep., 378; *Cole* v. *State,* 6 Baxt. (Tenn.), 239; 1 Cyc., 963.

The facts in the present case show only that there existed an opportunity for the appellants to commit the crime of adultery, but the facts alone do not show that the offense was committed since the mere fact that two persons of opposite sexes are together in a room, although at night, is not sufficient to justify such a conclusion in the absence of other circumstances of such a nature as to justify the inference that they were disposed to commit the sexual act and therefore availed themselves of the opportunity. 1 Cyc., 963; 1 Am. Digest, p. 2017.

As these circumstances have not been proved in the case at bar, the evidence is insufficient to support the judgment of conviction; therefore the judgment is reversed and the appellants acquitted.

*Reversed.*

Chief Justice Hernández and Justices Wolf and del Toro concurred.

Mr. Justice MacLeary did not take part in the decision of this case.