El Pueblo, Apelado, *v.* Cruz et al., Apelantes.

Apelación procedente de la Corte de Distrito de San Juan, Sección 1ª.

No. 605.—Resuelto en junio 10, 1913.

ADULTERIO—PRUEBAS.—Aunque en casi todos los casos de adulterio el contacto carnal del hombre y de la mujer ha de deducirse de las circunstancias concurrentes en cada uno, el mero hecho de que dos personas de distintos sexos estén solas en una habitación, aunque sea de noche, no es suficiente a falta de otras circunstancias que demuestren lo contrario, para llegar a la conclusión de que el delito ha sido cometido.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. Eugenio Benítez Castaño.*

Abogado del Pueblo: *Sr. Charles E. Foote, Fiscal.*

El Juez Asociado Sr. Aldrey emitió la opinión del tribunal.

La Corte de Distrito de San Juan, Sección 2ª., dictó sentencia en 14 de febrero último declarando culpables a Dolores Cruz y a María Teresa Torres del delito de adulterio e imponiéndoles la pena de multa, debiendo sufrir prisión en defecto de pago y las costas de por mitad.

Habiendo los sentenciados interpuesto oportunamente apelación para ante nosotros contra ese fallo, fundan su recurso en que la evidencia no es suficiente para sostenerlo, con cuya alegación estuvo conforme el Hon. Fiscal de esta Corte Suprema, tanto en su informe escrito como en el oral, y se allanó a la revocación solicitada.

Del conjunto de toda la evidencia resulta que Dolores Cruz, quien es casado pero vive separado de su esposa Carmen Serrano o Benítez, fué visto una noche a eso de las doce en la habitación en que vivía, acostado en su cama y arropado, estando en el mismo cuarto la mujer María Teresa Torres, que vive en otra habitación de la misma casa, y estaba vestida y de pie cerca de la cama de Dolores Cruz. En esa situación fueron vistos en dos ocasiones de esa noche con un intervalo que debió ser como de un cuarto de hora, habiendo declarado el acusado que está separado de su esposa desde hace unos tres meses y que habiéndose retirado a su cuarto esa noche a eso de las once y media con un dolor, como no tenía quien le preparara alguna bebida, llamó con ese objeto a la otra acusada, su vecina, quien hizo y le dió un guarapillo de naranjas y después que lo tomó se acostó vestido y se arropó, quedándose medio dormido, por lo que no se dió cuenta de si se había marchado su vecina hasta que el policía lo llamó.

En casi todos los casos de adulterio, el contacto carnal del hombre y de la mujer han de deducirse de las circunstancias concurrentes en cada uno, pero para que esas circunstan-

cias sean bastantes para sostener una sentencia condenatoria deben ser de tal naturaleza que puedan llevar a un hombre justo y razonable a la conclusión de que el delito ha sido cometido. *Commonwealth* v. *Gray,* 129 Mass., 474; 37 Am. Rep., 378; *Cole* v. *State,* 6 Baxt. (Tenn.), 239; 1 Cyc., 963.

En el presente caso lo único que prueban los hechos, es que existió una oportunidad para que los apelantes cometieran el delito de adulterio, pero ellos por sí solos no prueban que el delito se cometió, ya que el mero hecho de que dos personas de distintos sexos estén solas en una habitación, aunque sea de noche, no es suficiente para llegar a esa conclusión, si no se demuestran además circunstancias de tal naturaleza que permitan deducir que estaban inclinados a realizar el acto sexual y por tanto que aprovecharon aquella oportunidad; 1 Cyc., 963; 1 Am. Digest, p. 2017. Como estas circunstancias no han sido probadas en este caso, la evidencia no es suficiente para sostener la sentencia condenatoria y debe ser revocada y absueltos los apelantes.

*Revocada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf y del Toro.

El Juez Asociado Sr. MacLeary no tomó parte en la resolución de este caso.