EDWIN POOLE *vs.* BOSTON AND MAINE RAILROAD.

Franklin.    September 16, 1913. — October 22, 1913.

Present: RUGG, C. J., MORTON, BRALEY, SHELDON, & DE COURCY, JJ.

*Practice, Civil,* Conduct of trial: order of evidence, rulings and instructions. *Evidence,* In rebuttal, Part of document, Opinion: experts. *Negligence,* Railroad. *Words,* "Railroad crossings at grade."

Whether at the trial of an action of tort the plaintiff shall be allowed to introduce evidence in rebuttal which plainly would have been admissible as a part of his affirmative case, is within the discretion of the presiding judge.

The phrase "railroad crossings at grade" in a paragraph of a rule of a railroad corporation, relating to the proper position of freight trainmen on the top of a train at points where a train is required to stop, was held to mean the crossing of two lines of railroad at grade and not the crossing by a railroad of a highway at grade.

In an action against a railroad corporation for personal injuries from a collision of a train of the defendant with a buggy in which the plaintiff was being transported on a highway, if the plaintiff offers in evidence a rule of the defendant relating to the proper position of freight trainmen when a train is in certain places, but only the last sentence of the rule refers to a condition similar to that disclosed by the evidence, it is within the discretion of the presiding judge to admit the last sentence of the rule and exclude the rest of it.

In an action against a railroad corporation for personal injuries from a collision of a train of the defendant with a buggy in which the plaintiff was being transported on a highway, where the defendant contended that certain evidence introduced by it showed that the horse attached to the buggy was driven against the train, the plaintiff offered to show in rebuttal, by the testimony of a brother of the man who was driving the horse, that the witness had driven

the horse and had "known it for a number of years;" that he was "familiar with its driving qualities; that it was a high-lifed horse, a good driver, and from his experience with the horse it could not be driven into a moving train." The presiding judge excluded the evidence as consisting of the opinion of the witness. *Held*, that the offer was in effect an offer of evidence to show the belief or opinion of the witness, and that, assuming that the matter was one on which expert testimony was admissible, the presiding judge might have found that the witness was not sufficiently qualified as an expert to make his opinion admissible, a question on which the determination of the judge was final.

No exception lies to the refusal of a presiding judge to give a correct and applicable instruction to the jury in the exact language requested, if he gives it in substance and effect.

No exception lies to the refusal of a presiding judge to single out for comment in his charge one phase of the case and thus give it a disproportionate emphasis as compared with other matters that are necessarily involved in a proper consideration of the case.

In an action against a railroad corporation for personal injuries from a collision of a train of the defendant with a buggy in which the plaintiff was being transported on a highway, there was evidence for the plaintiff that the portion of the defendant's train that struck the horse and buggy had broken apart from the rest of the train, and that the train broke apart near the crossing where the accident happened; but the evidence was conflicting as to where on the line of the railroad and where in the train the breaking apart occurred. The plaintiff asked the presiding judge to rule "that if the jury find that the train broke apart and detached cars proceeded over the crossing without lights or warning signal, and came in collision with the team in which the plaintiff was riding, this would be direct evidence of negligence on the part of the defendant." *Held*, that all that the plaintiff was entitled to on this subject was an instruction that the jury could find evidence of negligence in the breaking apart of the train if unexplained.

In an action of tort for negligence it is right for the presiding judge to refuse requests of the plaintiff to rule that on the proof of certain facts, which are merely evidence of negligence on the part of the defendant and of due care on the part of the plaintiff, the plaintiff is entitled to recover and that the defendant is negligent as matter of law. On proof of such facts, the question of negligence still is for the jury.

In an action against a railroad corporation for personal injuries from a collision of a freight train of the defendant with a buggy in which the plaintiff was being transported on a highway, it is right for the presiding judge, in giving an instruction requested by the plaintiff to the effect that if the trainmen on the freight train were absent from their posts of duty at the time of crossing the highway this would be direct evidence of negligence, to modify the instruction by adding that the jury may consider the position of the trainmen if they find that it had anything to do with the accident, but that, if the presence of the trainmen at their posts would not have helped the plaintiff or have prevented the accident, it is of no consequence whether they were at their posts or not.

MORTON, J. This is an action of tort to recover for personal injuries received by the plaintiff as the result of a collision between a buggy, in which the plaintiff was riding with one Baker, and

a freight train of the defendant, at a grade crossing on Water Street in Orange. The accident occurred at about eleven o'clock at night on May 17, 1911. Baker was killed. The case has been here before, and is reported in 212 Mass. 596. At the previous trial the presiding judge, at the close of the evidence, directed a verdict for the defendant, subject to the plaintiff's exceptions. The exceptions were sustained and the case was sent back for another trial, at which there was a verdict for the defendant. The case is here now on exceptions by the plaintiff to the admission and exclusion of evidence and to certain rulings that were given and refused, and to certain portions of the charge.*

1. Assuming that the witness would have answered that when the team started to go across the main line there was nothing with lights on it coming down the track, it is plain that the evidence would have been admissible on the question of the plaintiff's due care and the defendant's negligence as part of the plaintiff's case in chief, and the presiding judge could therefore properly exclude it, when offered in rebuttal. *Burnside* v. *Everett,* 186 Mass. 4, 7. *Eames* v. *Whittaker,* 123 Mass. 342.

2. The admissibility of the rule that was offered in evidence† was rightly limited to the last sentence of it. The exceptions recite that there was "no evidence that there were yard limits or railroad crossings at grade, or drawbridges, and the train was not required to stop at Orange, nor was there a heavy grade." And it did not appear that the crossing was a place where a train was liable to break apart. None of the conditions, therefore, which rendered any of the rest of the rule applicable existed. By " rail-

---

* The new trial was before *Bell,* J.

† This refers to the following rule of the defendant offered in evidence by the plaintiff:

"Freight trainmen must be in proper position on top of the train in approaching yard limits, one mile before reaching and while passing railroad crossings at grade, drawbridges, and other points where the train is required to stop, also in descending heavy grades.

"At places on the road where the train is liable to break apart, they must be in a position to immediately notice such an occurrence and take proper measures to prevent a collision of the detached portions. One of the freight crew must ride in the caboose at all times and in the monitor if the caboose has one."

road crossings at grade" is meant, we think, not where a railroad crosses a highway at grade, but where two lines of railway cross at grade. It was within the discretion of the presiding judge as to the conduct of the trial to admit the last sentence of the rule in evidence when he did.

3. From marks and indications on the caboose, which was the last car, and on the two cars next ahead of it, the defendant contended that the horse was driven into the train. To meet this the plaintiff offered to show in rebuttal, by a brother of the man who was driving the horse, that he had driven the horse and had "known it for a number of years;" that he was "familiar with its driving qualities; that it was a high-lifed horse, a good driver, and from his experience with the horse it could not be driven into a moving train." The presiding judge thought that what was offered was opinion evidence and excluded it. The plaintiff himself had testified in chief as to the horse's qualities, so that the evidence that was offered was in part at least cumulative and not in rebuttal and might properly have been excluded for that reason. But we think that it cannot be said that it was wrongly excluded for the reason given by the presiding judge. The offer related not to a fact but to what was in effect the belief or opinion of the witness, and, assuming that the matter was one on which expert testimony was admissible, the presiding judge may have thought, and for aught that appears did think, that the witness was not sufficiently qualified as an expert to render his opinion admissible, and that was a question for him to determine. *Hawks* v. *Charlemont*, 110 Mass. 110.

Requests for rulings were made by the plaintiff and the defendant respectively. Some of them were given and others refused. Two of the requests made by the plaintiff, the fifth and sixth, though they might have been refused in the form in which they were made, were in substance given with modifications. None of the requests that were given, were given in the exact language in which they were made. The presiding judge was not obliged to do that. It was sufficient if he gave them in substance and effect. Neither was he obliged to single out one phase of the case because requested to do so and lay upon it a disproportionate emphasis as compared with other matters involved in and necessary to a proper consideration of the case. Taking the

case as a whole, it does not seem to us that there was any reversible error.

There was evidence tending to show that the train broke apart near the rear end at or in the neighborhood of the crossing. The parties differed as to where on the line of the railroad and where in the train the breaking apart occurred. It appeared that it was a common thing for a train to break apart. The plaintiff contended that the accident was caused by a collision between the rear end of the train which had broken off and the horse and buggy in which he was riding, and in his second request asked the presiding judge to rule "That if the jury find that the train broke apart and detached cars proceeded over the crossing without lights or warning signal, and came in collision with the team in which the plaintiff was riding, this would be direct evidence of negligence on the part of the defendant." The presiding judge refused to rule as thus requested. The ruling asked for was evidently based upon the following language from the former opinion (212 Mass. 596, 598): "And they [the jury] might find direct evidence of negligence in conduct which allowed cars detached from a train, without lights or warning signal and with the rear brakeman absent from his post of duty, to pass over an unguarded grade crossing." But the ruling requested went further than this, and instead of asking the presiding judge to rule that the jury could find direct evidence of negligence in the conduct described, asked him to rule that it constituted as matter of law direct evidence of negligence. This he could not do. If the facts in regard to the breaking apart of the train and of the collision had been agreed or were uncontradicted, then it would have been a question of law whether they warranted a finding that the defendant was negligent. But the parties were at issue as to the circumstances under which the train broke apart and the collision took place, and it was a question for the jury whether the breaking apart was due to negligence on the part of the defendant or not. In the absence of any explanation as to what caused the train to break apart, the jury would have been warranted in finding that the breaking apart was of itself evidence of negligence, or, as stated in the former opinion, was direct evidence of negligence; *Griffin* v. *Boston & Albany Railroad,* 148 Mass. 143; but it could not be so ruled as matter of law. It might be possible that the

train broke apart from causes for which the defendant could not fairly be held accountable. The instructions that were given were sufficiently favorable, to say the least, to the plaintiff. The jury were told that "the fact of the accident with the surrounding circumstances" was sufficient to raise some presumption of negligence, but they were not to rely upon presumptions alone but were to take the whole evidence and see whether it satisfied them by a fair preponderance that the defendant had failed in some duty it owed to the plaintiff and was negligent. We think that the jury must have understood from this that the fact that the train broke apart afforded a presumption of negligence on the part of the defendant and could be so regarded by them in considering the case. They were not told that unexplained they could find evidence of negligence in the breaking apart of the train, which was all that the plaintiff was entitled to, but were told in effect that the accident itself, which was caused or could have been found to be caused, by the breaking apart of the train, could be regarded by them as presumptive evidence of negligence. This was, as we have said, sufficiently favorable to the plaintiff.

The facts recited in the third and fourth rulings * requested, if

---

* These rulings and two others mentioned above and also later, requested by the plaintiff, were as follows:

"3. That if the driver of the team started to cross said crossing after having stopped or about stopped his horse for the purpose of ascertaining whether a train was coming or not, and the railroad company was running a second section of its train without warning or signal in this place in the night, where the view was obstructed, this would be evidence of negligence on the part of the defendant and due care on the part of the plaintiff, and the plaintiff is entitled to recover if he was struck by said second section.

"4. That if the jury find that the train broke apart before reaching the crossing and passed said crossing in two sections with an interval between, the breaking apart of said train and crossing said crossing by the second section in that manner would in and of itself be negligence on the part of the defendant as a matter of law.

"5. That if the jury find that it was the duty of the freight trainmen to be on top of their trains when approaching and passing through the Orange station yard, and that they were not on top of their train at that time, it is direct evidence of negligence on the part of the defendant.

"6. That if the jury find that the rear brakeman was absent from his post of duty, this would be direct evidence of negligence on the part of the defendant."

they were facts, would have constituted evidence of negligence on the part of the defendant and of due care on the part of the plaintiff, but would not have warranted the presiding judge in directing the jury as matter of law to return a verdict for the plaintiff if the jury found, as requested in the third ruling, that the plaintiff was struck by the second section of the train, or in ruling as requested in the fourth ruling that the facts there recited constituted negligence on the part of the defendant as matter of law, and the requests were for these reasons properly refused.

The fifth and sixth rulings requested were to the effect that, if the brakemen were absent from their post of duty it would be direct evidence of negligence on the part of the defendant. These, as already observed, might have been refused in the form in which they were presented, for reasons previously stated in connection with the second request. But the presiding judge gave them in substance with the modification that the jury might consider the position of the brakemen if they found that it had anything to do with the accident. "If, for instance," the presiding judge said, "a brakeman under the rules should have been in the monitor, would that have helped the plaintiff and saved this accident? If it would, the fact that he was not there is some evidence of negligence; if his being there would not have helped the plaintiff, then it is of no consequence in this case." This was correct.

We discover no error in the manner in which the presiding judge dealt with those requests of the defendant that were given, nor do we discover any error in the rest of the charge.

*Exceptions overruled.*

*W. A. Davenport,* (*H. A. Weymoth* with him,) for the plaintiff.
*D. Malone,* (*C. N. Stoddard* with him,) for the defendant.