CHARLES N. SABIN *vs.* CAMBRIDGE IRON WORKS.

Middlesex.  November 20, 1918. — January 2, 1919.

Present: RUGG, C. J., LORING, BRALEY, PIERCE, & CARROLL, JJ.

*Negligence*, Proximate cause, Defective hoisting chain. *Proximate Cause.*

Evidence tending to show that employees of a corporation undertaking the repair of a boiler for a city used a defective chain to hoist the boiler from a wagon of the city in which it had been driven to the repair shop, that the boiler then was left by them suspended by the chain during the noon luncheon time, that employees of the city removed the bits from the horses' mouths, attached feed bags and left the horses unattended while they went into the boiler room to eat their luncheon, that while the horses thus were unattended the defective chain broke, the boiler fell and the horses, frightened, ran away and came into collision with a motor car, will not warrant a finding that the negligent using of the defective chain was the cause of damage so caused to the motor car, if there is no evidence that the employees of the corporation using the chain knew that the horses of the city had had their bits removed and were left unattended or that they were to remain on the corporation's premises after the boiler had been unloaded.

Tort for damage caused to a motor car of the plaintiff when it was run into by a team of the city of Newton, the horses of which became frightened by the falling of a boiler belonging to the city that had been hoisted from the wagon and was alleged to have been caused to fall by negligence of employees of the defendant in using a defective chain to hoist it. Writ dated March 10, 1917.

In. the Superior Court the case was tried before *Hitchcock, J.* At the close of the evidence, the defendant asked the judge to rule that on all the evidence the plaintiff could not recover and that there was no evidence of negligence on the part of the defendant. The judge refused so to rule. The jury found for the plaintiff in the sum of $130; and the defendant alleged exceptions.

*S. M. Child,* for the defendant.

*G. A. Kearsley,* for the plaintiff.

CARROLL, J. This is an action of tort for damages to the plaintiff's automobile which was run into, while standing on a public street, by a team owned by the city of Newton. A boiler belonging to the city of Newton was loaded on a four-horse wagon in charge of two employees of the city and was taken to the defendant's place of business to be repaired. A chain was wrapped round the boiler and it was hoisted from the wagon by a crane, under the direction of the defendant's superintendent. The bits were then taken from the horses' mouths and feed bags put on by the city's employees before going to the boiler room "to eat their lunch." They were in the boiler room about five or ten minutes when the chain broke and the boiler fell to the ground with a loud noise which, it is claimed, caused the horses to run away. There was a verdict for the plaintiff.

Assuming that it could have been found, by the breaking of the chain, that it was defective or unsuitable for the purpose for which it was used, — see, in this connection, *Poole v. Boston & Maine Railroad,* 216 Mass. 12, 16, 17; *Chiuccariello v. Campbell,* 210 Mass. 532, 535; *Ryan v. Fall River Iron Works Co.* 200 Mass. 188, — this fact in and of itself does not show that the defendant's negligence contributed to the plaintiff's injury. There is nothing in the record to show that the defendant's agents knew the horses were to remain on the premises after the boiler was unloaded; nor is there any evidence of the presence of the defendant's servants

when the bits were removed and the feed bags placed on the horses
or when the men in charge left them unfastened with no one in
control of them; and from the record we must assume that the
defendant did not know the horses were unfastened and un-
attended, or, in fact, that they were in its yard or on its premises.
Under these circumstances the defendant could not be held to have
reasonably anticipated that the falling of the boiler would cause
the horses to run away and injure the plaintiff's property.

*Exceptions sustained.*