JOSEPH VALLAVANTI *vs.* ARMOUR AND COMPANY.

Middlesex.    May 21, 1928.— August 11, 1928.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & SANDERSON, JJ.

*Practice, Civil,* Exceptions, Arrest of judgment, Judgment ordered in Supreme Judicial Court. *Supreme Judicial Court. Constitutional Law,* Due process of law, Equal protection of laws.

A motion in arrest of judgment lies only for errors of law apparent on the record.

After a verdict for the plaintiff at the trial in the Superior Court of an action of tort, a bill of exceptions saved by the defendant at the trial was allowed. No bill of exceptions saved by the plaintiff was filed. After hearing, this court by rescript sustained the exceptions of the defendant and, under G. L. c. 231, § 122, ordered judgment for the defendant. The plaintiff then in the Superior Court moved in arrest of judgment, alleging that he had saved certain exceptions at the trial, and contending that an entry of judgment for the defendant in the circumstances was unconstitutional and violative of the rights of the plaintiff under the State and Federal Constitutions. The motion was supported by affidavit, but the exceptions which the plaintiff thus alleged that he had saved at the trial were not described. Subject to exceptions by the plaintiff, certain rulings requested by the plaintiff at the argument of the motion were refused and the motion was denied. The judge of the Superior Court disallowed a bill presenting the exceptions saved at the hearing of the motion, ruling that the bill in substance set forth a claim that he had erred in not ruling that this court had erred in making the order of judgment for the defendant. The plaintiff petitioned for establishment of his exceptions. *Held,* that

(1) Without something on the record showing the exceptions which the plaintiff alleged he had saved at the original trial, there was nothing on which to found the motion in arrest of judgment;

(2) The exceptions which the plaintiff asserted that he saved at the trial, not having been reduced to writing, filed and allowed, must be treated as nonexistent;

(3) The motion in arrest of judgment was so inextricably bound up with allegations as to exceptions taken by the plaintiff at the trial that the trial judge rightly treated it as raising questions on that footing alone and disallowed the exceptions.

The provisions of G. L. c. 231, § 122, declared valid under the constitution of the Commonwealth in *Bothwell* v. *Boston Elevated Railway*, 215 Mass. 467, are not violative of the provisions of either art. 7 or of art. 14 of the Amendments to the Constitution of the United States.

PETITION, filed on May 7, 1921, in the Supreme Judicial Court for the Commonwealth, for the establishment of exceptions alleged to have been saved by the petitioner at the hearing by *Sisk*, J., in the Superior Court of a motion in arrest of judgment following a rescript from this court in accordance with the decision reported in 260 Mass. 417.

One ground set out as a basis for the motion in arrest of judgment was that the defendant's bill of exceptions which was before this court as reported in 260 Mass. 417, while it stated that it contained all the evidence material to the defendant's exceptions, "did not disclose whether the plaintiff had taken exceptions," and that it did "not appear that the plaintiff took no exceptions"; and that it appeared from an affidavit filed in support of the motion that the plaintiff took "exceptions to the admission and exclusion of evidence and to the refusal of the court to give certain requests for instructions." The affidavit of counsel for the plaintiff set forth that at the trial of the action "the plaintiff took a number of exceptions to the admission and exclusion of evidence and to the refusal of the court to give certain requests for instructions to the jury and that thereafter, after verdict for the plaintiff had been returned, the defendant filed its bill of exceptions and that there were numerous conferences between counsel for the defendant, counsel for the plaintiff and Mr. Justice McLaughlin, who presided at said trial, for the purpose of settling the defendant's bill of exceptions; that at said conferences the plaintiff strongly insisted that his exceptions

ought in some manner to be made to appear in the record before the Supreme Judicial Court; that the trial justice, because in his opinion the plaintiff, being the prevailing party, was not aggrieved, did not in any manner cause said exceptions to be included in said record; that it was not due to the fault or negligence of the plaintiff or his counsel that said exceptions were not before the court when the defendant's bill of exceptions was argued . . . that, after rescript, and before the entry of judgment thereon, on the twenty-fifth day of July, A.D. 1927, I delivered by mailing to Hon. Arthur P. Rugg, Chief Justice of the Supreme Judicial Court, an application for a recall of the rescript and reargument on the grounds set up in the plaintiff's motion in arrest of judgment . . . that on the fourteenth day of October, A.D. 1927, I received a letter from Hon. Henry K. Braley, . . . [the senior justice presiding in the absence of the chief justice], in which it appeared that said application for a reargument had been considered by the full court and was denied."

There was no other description of the exceptions which the plaintiff thus asserted that he saved at the trial.

*J. J. Cummings*, for the petitioner.

RUGG, C.J.  This is a petition to establish the truth of exceptions.  It arises in this way: Pursuant to decision in this case reported in 260 Mass. 417, by rescript dated June 30, 1927, the clerk of the Superior Court was directed to make this entry: "Exceptions sustained, judgment for defendant, G. L. c. 231, § 122."  The plaintiff filed a motion in arrest of judgment.  Summarily stated the contentions therein set forth are that G. L. c. 231, § 122, whereby the Supreme Judicial Court is empowered in certain circumstances to order judgment where at the trial a request for ruling that the plaintiff cannot recover is denied, is unconstitutional and violative of the rights of the plaintiff under the State and Federal Constitutions.  These contentions are founded in substance upon allegations that the plaintiff took exceptions during the trial, the nature of which is not disclosed, but that such exceptions were not reduced to writing and allowed as required by the statute.  See *Browne* v. *Hale*, 127 Mass. 158, 162; *Brooks* v. *Shaw*, 197 Mass. 376, 378, 379; *Salem* v.

*Salem Gas Light Co.* 241 Mass. 438; *Stone* v. *Commonwealth Coal Co.* 259 Mass. 360. The motion in arrest of judgment was denied in the Superior Court, and a bill of exceptions with respect to that motion was seasonably filed. Upon it the judge indorsed this certificate: "This bill of exceptions fairly construed, involves, in various forms the claim that I have erred in not ruling that the Supreme Judicial Court was in error in ordering judgment to be entered for the defendant. In my opinion such a question cannot be raised in this court. A bill of exceptions will not lie for refusing to rule as requested and should not be allowed. The bill therefore is disallowed."

There is no occasion for the appointment of a commissioner. The petition on its face raises the question of law whether the judge was right in the ruling contained in his certificate of disallowance. There appears to be no dispute about the facts.

A motion in arrest of judgment lies only for errors of law apparent on the record. *Boston Bar Association* v. *Casey*, 227 Mass. 46. *Pizer* v. *Hunt*, 253 Mass. 321, 323.

The motion in arrest of judgment in its essential features manifestly is not founded upon errors of law apparent on the record of this case. The attempt is made by that motion to get upon the record matters of which, prior to the filing of the motion, there was no suggestion on the record. There was nothing to indicate that the plaintiff had saved any exceptions at the trial. Without something on the record showing the exceptions of the plaintiff, there is nothing on which to found this motion in arrest of judgment.

It is provided by G. L. c. 231, § 136, that "A judgment shall not be arrested for a cause existing before the verdict or finding, unless such cause affects the jurisdiction of the court." *McManus* v. *Thing*, 208 Mass. 55, 58. The causes set forth in various forms of words in the motion in arrest of judgment are all founded upon the basic averment that the plaintiff took some exceptions during the trial. That was a cause which existed before verdict. Plainly it does not affect the jurisdiction of the court. *Lonergan* v. *American Railway Express Co.* 250 Mass. 30, 40, 41. *Paige* v. *Sinclair*, 237 Mass. 482, 483.

There is nothing on this record which renders pertinent principles stated in *West* v. *Platt,* 124 Mass. 353, and in *Noyes* v. *Noyes,* 224 Mass. 125, 134.

The application for reargument, to which reference is made in the affidavit of counsel attached to the motion in arrest of judgment, has been examined. It contains no suggestion that the plaintiff had saved any exceptions during the trial.

Such exceptions must be treated as of no effect and non-existent. They vanished because there was no compliance with the peremptory provisions of statute and the governing practice. G. L. c. 231, § 113. *Sullivan* v. *Roche,* 257 Mass. 166, 170, and cases there collected. *Thorndike, petitioner,* 257 Mass. 409, 412. *Romanausky* v. *Skutulas,* 258 Mass. 190, 195.

The motion in arrest of judgment is so inextricably bound up with allegations as to exceptions taken by the plaintiff at the trial that we think the trial judge rightly treated it as raising questions on that footing alone, and disallowed the exceptions.

However, if it be assumed in favor of the plaintiff that the constitutionality of G. L. c. 231, § 122, under the Fourteenth Amendment to the Constitution of the United States is open to him, he is not entitled to relief. That statute in substance provides that, where motion for a directed verdict has been made by the defendant and denied in the trial court, and a verdict has been returned for the plaintiff, and it appears to this court upon the whole record on review that the motion ought to have been granted, then this court may order judgment to be entered for the defendant. Similar provision with respect to a motion by the plaintiff is found in G. L. c. 231, § 123. These sections are not mandatory. The power conferred thereby "will ordinarily be exercised only when it is apparent that the real issues have been fully tried, or the merits of the case are plain." *Archer* v. *Eldredge,* 204 Mass. 323, 327. *Grebenstein* v. *Stone & Webster Engineering Corp.* 205 Mass. 431, 440. There are numerous cases beside those just cited where this court has refused to order judgment under these sections. See, for example, *Bishop* v. *Pastorelli,* 240 Mass. 104, 107; *Wood* v. *Fairbanks,* 244 Mass. 10.

These sections do not prescribe a fixed and inflexible rule. They leave much to the sound judicial discretion and sense of justice of this court. See *Davis* v. *Boston Elevated Railway*, 235 Mass. 482, 496, 497, 502. It is vain to discuss the question whether a statute authorizing the exercise of sound judicial discretion violates any constitutional guaranty. Those two sections of the statute present a question of State procedure. Their validity under the Constitution of this Commonwealth was. established after careful consideration by *Bothwell* v. *Boston Elevated Railway*, 215 Mass. 467, and that point is no longer open to debate. It has been acted upon in so many cases, both before and after the Bothwell decision, that it would be useless labor to collect them all. It has become the settled course of judicial proceedings in cases where this court feels that no new trial ought to be had.

The Seventh Amendment to the Constitution of the United States, as to trial by jury, and the interpretation placed upon it by the Supreme Court of the United States in *Slocum* v. *New York Life Ins. Co.* 228 U. S. 364, are not concerned with State action and do not in any manner govern or regulate State practice and procedure. *Minneapolis & St. Louis Railroad* v. *Bombolis*, 241 U. S. 211, 217, 218.

The statute here assailed is not violative of the due process clause of the Fourteenth Amendment. The governing principle was stated with affluent citation of supporting authorities in *Twining* v. *New Jersey*, 211 U. S. 78, at pages 110, 111, in these words: "Due process requires that the court which assumes to determine the rights of the parties shall have jurisdiction . . . and that there shall be notice and opportunity for hearing given the parties . . . . Subject to these two fundamental conditions, which seem to be universally prescribed in all systems of law established by civilized countries, this court has up to this time sustained all state laws, statutory or judicially declared, regulating procedure, evidence and methods of trial, and held them to be consistent with due process of law." In *Chicago, Rock Island & Pacific Railway* v. *Cole*, 251 U. S. 54, 56, it was said that a State "may do away with the jury altogether, *Walker* v. *Sauvinet*,

92 U. S. 90, modify its constitution, *Maxwell* v. *Dow*, 176
U. S. 581, the requirements of a verdict, *Minneapolis & St.
Louis R. R. Co.* v. *Bombolis*, 241 U. S. 111, or the procedure
before it . . . . *Frank* v. *Mangum*, 237 U. S. 309, 340." *Reetz*
v. *Michigan*, 188 U. S. 505, 508. *United States* v. *Heinz*,
218 U. S. 532, 546. *State* v. *Sorrentino*, 36 Wyo. 111, 119.

There is no ground for the contention that G. L. c. 231,
§ 122, is violative of that clause of the Fourteenth Amend-
ment guaranteeing the equal protection of the laws. The
same power is conferred to order judgment for the plaintiff
by § 123 as is conferred by the preceding section as to defend-
ants. That power also is not infrequently exercised. *New-
man* v. *Sussman*, 239 Mass. 283. *Douglass* v. *Mussman*,
240 Mass. 467. *Schaefer* v. *Schaefer*, 255 Mass. 175. This
statute seems to us to bear no indication whatever of creating
any inequality before the law. *Missouri, Kansas & Texas
Railway* v. *Cade*, 233 U. S. 642, 650. *Porter* v. *Wilson*, 239
U. S. 170. *Middleton* v. *Texas Power & Light Co.* 249 U. S.
152, 158–162. *Dominion Hotel, Inc.* v. *Arizona*, 249 U. S.
265, 268. *Perley* v. *North Carolina*, 249 U. S. 510.

It follows that the judge rightly disallowed the bill of
exceptions filed by the plaintiff. It presented no question
of law not already decided in the case. *Boston, petitioner,*
223 Mass. 36, 37, and cases there collected.

*Petition dismissed.*