CONSTANCE McGONIGLE, petitioner.

Suffolk.    October 2, 1944. — November 29, 1944.

Present: FIELD, C.J., LUMMUS, QUA, RONAN, & SPALDING, JJ.

*Practice, Civil,* Exceptions: filing, allowance and establishment; Entry of judgment.

An action at law in the Superior Court automatically went to judgment for the defendant under G. L. (Ter. Ed.) c. 235, § 1; Rule 79 of the Superior Court (1932) on the first judgment day after the expiration of three days following receipt of notice of an order, made in the absence of counsel, for entry of a verdict for the defendant under leave reserved when a verdict for the plaintiff was recorded, where the plaintiff took no exception to such order within such three days as required by Rule 72 of the Superior Court (1932); and thereupon all further proceedings in the case, including a petition by the plaintiff to establish exceptions to a formal order for judgment for the defendant afterwards entered, were of no effect.

An order for the actual physical entry of judgment is proper although the action has already gone to judgment automatically.

PETITION to establish exceptions, filed in this court on February 15, 1944.

It appeared that in the action of McGonigle *v.* Reynolds tried in the Superior Court before *Baker*, J., a verdict for the plaintiff was recorded subject to leave reserved on May 29, 1940; that on June 24, 1940, in the absence of counsel, the trial judge ordered entered a verdict for the defendant, of which notice was given to counsel; that the plaintiff filed "no written claim of exceptions to this order . . . within three days or at any other time thereafter"; that by orders on June 26, 1940, and other dates thereafter, the "time for filing a bill of exceptions" was extended to and including December 2, 1940; that on

that day the plaintiff filed a bill of exceptions apparently directed to the order for the entry of a verdict for the defendant; that that bill of exceptions was never allowed nor disallowed; that a motion for judgment was filed by the defendant on June 8, 1943, and allowed on December 13, 1943; and that the plaintiff "duly excepted" to the allowance of the motion and on December 30, 1943, filed a bill of exceptions relating thereto, which was subsequently disallowed.

*H. L. Barrett*, for the petitioner.

*C. J. Dunn*, (*J. W. Cussen* with him,) for the respondent.

QUA, J. This is a petition under G. L. (Ter. Ed.) c. 231, § 117, to establish the plaintiff's exceptions directed to an order of the trial judge that judgment be entered for the defendant in the case of McGonigle *v.* Reynolds. A jury trial had resulted in a verdict for the plaintiff. The judge reserved leave to enter a verdict for the defendant in accordance with G. L. (Ter. Ed.) c. 231, § 120. The plaintiff did not file any bill of exceptions within twenty days after the verdict. G. L. (Ter. Ed.) c. 231, § 113. She was obliged to do this, if she wished to preserve any exceptions she might have taken at the trial, even though the verdict at the trial was in her favor. The twenty days period in § 113 still refers to twenty days after the verdict of the jury just as it did before the enactment of the provisions relating to the entry of a verdict by the judge under leave reserved. St. 1911, c. 212, § 1. St. 1915, c. 185, § 1. See *Vallavanti* v. *Armour & Co.* 264 Mass. 337; *Atlas Mortgage Co.* v. *Tebaldi*, 304 Mass. 554, 555. Later, in the absence of counsel, but after hearing, the judge entered a verdict for the defendant on the leave reserved. Thereupon the case became ripe for judgment for the defendant, subject only to the plaintiff's right to take an exception to the judge's order entering the verdict on leave reserved within the three days after the receipt of notice of that order allowed by Rule 72 of the Superior Court (1932). But the plaintiff failed to take such exception. The case therefore became fully ripe for judgment and went to judgment for the defendant automatically on the first judgment day after

the expiration of the three days.   G. L. (Ter. Ed.) c. 235, § 1. Rule 79 of the Superior Court (1932).   An intervening extension of the time for filing a bill of exceptions did not forestall the automatic judgment, since it is plain that a condition precedent to any valid bill of exceptions attacking the verdict entered by the judge on leave reserved, to wit, the taking of an exception within the time allowed, had not been performed.   *Hacking* v. *Coördinator of the Emergency Relief Department of New Bedford,* 313 Mass. 413.   After the automatic judgment all further proceedings in the case, including the petition to establish the bill of exceptions now before us, were futile and of no effect.   It was proper, however, for the judge to order the actual physical entry of the judgment which had already in theory taken place automatically.                                *Petition dismissed.*