Rescripts.

RITA M. BOYLE *vs.* CAMBRIDGE GAS LIGHT COMPANY (and two companion cases). December 4, 1956. Exceptions overruled. The defendant's exceptions were sustained in each of these three cases for the reason that there was no evidence of negligence, and rescripts were sent down on January 19, 1954, ordering the entry of judgments for the defendant. 331 Mass. 56. The plaintiffs contend that during the trial they saved exceptions to the exclusion of evidence which, if admitted, would have shown negligence upon the part of the defendant. The plaintiffs, however, never perfected their exceptions. See *McGonigle, petitioner,* 317 Mass. 262. The merits of these exceptions have never been before this court. They are not now before us. The plaintiffs, subsequent to the rescripts, filed motions for new trial based upon the evidence which had been excluded at the original trial. The only issue now presented is the correctness of the denial of these motions. There was no error. *Davis* v. *Boston Elevated Railway,* 235 Mass. 482. *Vallavanti* v. *Armour & Co.* 264 Mass. 337, 341. *Hartmann* v. *Boston Herald-Traveler Corp.* 323 Mass. 56, 60.

*Charles E. Cunningham,* for the plaintiffs.
*Paul J. Dolan,* for the defendant.


WILLIAM W. BEANE & others *vs.* ESSO STANDARD OIL COMPANY & others. December 5, 1956. Final decree dismissing bill affirmed. This is a suit in equity by eleven residents of the city of Everett to cancel a license granted by the board of aldermen on August 22, 1955, to Esso Standard Oil Company to use a proposed twenty-four truck garage which was to be erected, and to keep therein petroleum products, on the ground that three of the four members of the board of seven voting in favor of the license were employees of the applicant for the license and that the granting thereof was in violation of Article II, Section 3, of the board's rules providing in part that "No member shall be permitted to vote on any question . . . where his private interest is immediately concerned, distinct from that of the public." There is no general jurisdiction in equity to entertain this suit, see *Fuller* v. *Trustees of Deerfield Academy,* 252 Mass. 258, *Kelley* v. *Board of Health of Peabody,* 248 Mass. 165, *Amory* v. *Assessors of Boston,* 310 Mass. 199, 200; and it cannot be maintained as a taxpayers' petition under G. L. (Ter. Ed.) c. 40, § 53. *East Side Construction Co. Inc.* v. *Adams,* 329 Mass. 347, 351–352. *Lynch* v. *Cambridge,* 330 Mass. 308, 311. It was properly dismissed.

*Francis V. Matera,* (*Anthony R. Visco* with him,) for the plaintiffs.
*John O. Parker,* for the defendants.


CLARA M. FORD *vs.* COOLIDGE CLEANSERS, INC. December 5, 1956. Exceptions overruled. This is a small claim to recover for damage to a coat, G. L. (Ter. Ed. ) c. 219, §§ 21–25, removed from the Municipal Court of the City of Boston to the Superior Court where it was tried before a judge without a jury who found in favor of the plaintiff for $50. The coat was delivered to the defendant to be cleaned and when it was returned to the plaintiff "the whole thing was torn to pieces . . . [it] was stiff as a board, like it has been boiled." No formal pleadings were filed in the Superior Court. There was no error in denying the defendant's requests. *Poole* v. *Boston & Maine Railroad,* 212 Mass. 596. *Garrett* v. *M. McDonough Co.* 297 Mass. 58. *Sandler* v. *Commonwealth Station Co.* 307 Mass. 470. *Couris* v. *Casco Amusement Corp.* 333 Mass. 740.

*Richard H. Gens,* for the defendant.
*G. Harvey Hull,* for the plaintiff, submitted a brief.