**David CURTIS, et al.**

v.

**LEHIGH FOOTWEAR, INC., et al.**

Supreme Judicial Court of Maine.

Argued Sept. 8, 1986.
Decided Oct. 24, 1986.

Bell & Geores, Martha E. Geores (orally), Michael A. Bell, Lewiston, for plaintiffs.

Thompson, McNaboe & Ashley, Nicholas Bull (orally), Marshall J. Tinkle, Portland, for defendants.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

WATHEN, Justice.

Plaintiffs, thirteen named employees of Loree Footwear Corporation, appeal from an order of the Superior Court (Cumberland County) granting judgment in favor of defendants Lehigh Footwear, Inc. and Lehigh Valley Industries, Inc. Although plaintiffs obtained a judgment against their immediate employer for severance pay, they contend that the definition of "employer" found in 26 M.R.S.A. § 625–B (Supp.1985) includes the parent corporation of wholly owned subsidiaries. We find no error in the judgment of the Superior Court and deny the appeal.

The relevant facts may be summarized as follows: Loree Footwear Corporation ("Loree"), a Maine corporation, owned and operated a shoe factory in Freeport from 1972 to 1980. Loree is a wholly-owned subsidiary of Lehigh Footwear, Inc. ("Lehigh Footwear") which, in turn, is a wholly-owned subsidiary of Lehigh Valley, Industries Inc. ("Lehigh Valley"). Neither parent company is incorporated in Maine. Although Loree operated as a distinct corporate entity, the corporations shared several common board members and Loree sent monthly financial statements to both Lehigh and Lehigh Valley. Beginning in 1979, Loree experienced financial difficulties. Despite several cash advances made by Lehigh Valley, Loree's business failed. After the board of directors of Lehigh Valley authorized the discontinuance of Loree's business, the factory closed in February, 1980.

On April 11, 1983, plaintiffs brought this action seeking severance pay pursuant to 26 M.R.S.A. § 625–B (Supp.1985).[1] Loree, Lehigh Footwear, and Lehigh Valley were named as defendants. At trial, plaintiffs argued that the statutory definition of "employer" includes the two parent corporations. The Superior Court rejected plaintiffs' argument and entered judgment holding only Loree liable for severance pay under the statute.

On appeal, plaintiffs do not contend that the record presents a basis for pierc-

---

1. The applicable portions of the statute are:

§ 625–B. Severance pay

1. Definitions. As used in this section, unless the context otherwise indicates, the following words shall have the following meanings.

A. "Covered establishment" means any industrial or commercial facility or part thereof which employs or has employed at any time in the preceding 12–month period 100 or more persons.

.    .    .    .    .

C. "Employer" means any person who directly or indirectly owns and operates a covered establishment.

D. "Person" means any individual, group of individuals, partnership, corporation, association or any other entity.

E. "Physical calamity" means any calamity such as fire, flood or other natural disaster, or the final order of any federal, state or local governmental agency including adjudicated bankruptcy.

.    .    .    .    .

2. Severance pay. Any employer who relocates or terminates a covered establishment shall be liable to his employees for severance pay at the rate of one week's pay for each year of employment by the employee in that establishment. The severance pay to eligible employees shall be in addition to any final wage payment to the employee and shall be paid within one regular pay period after the employee's last full day of work, notwithstanding any other provisions of law.

3. Mitigation of severance pay liability. There shall be no liability for severance pay to an eligible employee if:

A. Relocation or termination of a covered establishment is necessitated by a physical calamity;

B. The employee is covered by an express contract providing for severance pay;

C. That employee accepts employment at the new location; or

D. That employee has been employed by the employer for less than 3 years.

**560**

ing the corporate veil of Loree, but rely exclusively on the language of the severance pay statute. 26 M.R.S.A. § 625–B(1)(C) defines "employer" as "any person who directly or indirectly owns and operates a covered establishment." "Person" is defined as "any individual, group of individuals, partnership, corporation, association, or any other entity." 26 M.R.S.A. § 625–B(1)(D). Although parent corporations could easily be described as indirect owners of a subsidiary, a decision to extend liability for severance pay to shareholders is contrary to common law. In the absence of bad faith, the corporate entity will not be disregarded to extend liability for corporate debt to shareholders. *Brennan v. Saco Construction, Inc.*, 381 A.2d 656 (Me. 1978). The limited liability of shareholders is deeply rooted in corporate law and is codified in 13–A M.R.S.A. § 509(1) (1981): "[a] holder or subscriber to shares of a corporation shall be under no obligation to the corporation or its creditors with respect to such shares other than the obligation to pay to the corporation the full consideration for which such shares were issued or to be issued."

■ We have previously held that "[a]lthough the Legislature is free to abrogate a long-standing rule of common law, such intent is not to be presumed in the absence of clear and explicit language." *Atlantic Oceanic Kampgrounds v. Camden National Bank*, 473 A.2d 884, 886 (Me.1984). The undefined phrase "indirectly owns" as used in section 625–B(1)(C), contains no clear expression of legislative intent to extend liability to corporate shareholders. We conclude that the statute does not authorize an award of severance pay against the parent corporations of a subsidiary-employer.

The entry must be:

Judgment affirmed.

All concurring.