JABAR, J.,
dissenting.
[¶ 26] I respectfully dissent because the new procedures that the Court establishes defeat the purpose of the legislation, create unconstitutional impediments to potentially meritorious causes of action, and place an undue burden upon litigants in derogation of established common law by screening what would otherwise be meritorious cases.
[¶ 27] Almost five years ago, we held that when a party makes a special motion to dismiss pursuant to 14 M.R.S. § 556 (2016), the nonmoving party must make a prima facie showing that any of the petitioning activities by the moving parties were devoid of reasonable factual support or arguable basis in law, and that the nonmoving party suffered an actual injury. Nader v. Me. Democratic Party (Nader I), 2012 ME 57, ¶ 38, 41 A.3d 551. The Court now abandons our case law, creating an additional mandatory evidentiary hearing that places the burden of proof upon the plaintiff to establish, by a preponderance of the evidence, that the defendant’s petitioning acts were devoid of any factual support or arguable basis in law and caused actual injury. Court’s Opinion ¶ 17. This required showing necessarily implicates the merits of the case.
A. Legislative Intent
[¶ 28] I agree with the Court insofar as it recognizes that application of the anti-SLAPP statute creates tension between the coexisting constitutional rights to petition and to access the courts. Court’s Opinion ¶ 6. However, I disagree with the Court’s assumption that the Legislature’s intent to balance these rights is apparent from the face of the statute. Rather than attempting to grant “stronger protection *1202 to petitioning activity than the competing right to seek relief from the court,” as the Court suggests, Court’s Opinion ¶¶ 15-16, the Legislature’s intent is only to protect petitioning activity against meritless cases. Contrary to the Court’s conclusion, the face of the statute does not require us to balance the right to petition with the right of access to the courts.
[¶ 29] The plain language of the statute states that a “court shall grant the special motion, unless the party against whom the special motion is made shows that the moving party’s exercise of its right of petition” meets the two statutory criteria: that the moving party’s exercise of the right to petition “was devoid of any reasonable factual support or any arguable basis in law[,] and that the moving party’s acts caused actual injury.” 14 M.R.S. § 556. Before the court reaches its decision, “upon the filing of the special motion,” “discovery proceedings are stayed,” essentially placing the litigation on pause while the court determines whether the ease may move forward. Id. The intent of the Legislature was to avoid unnecessary litigation due to mer-itless cases brought for reasons other than the interests of justice or restoration for injury.
[¶30] The statute does not weigh the right of petition against the right of access to the courts. The nonmoving party’s right of access to the courts is not mentioned in the statute, and is only implied to the extent that he or she must make the showing required by the statute or face dismissal. The statute draws no comparison between these rights. The only tension between them is created by application of the statute, rather than its plain language. The statute is an expedited procedural mechanism to weed out meritless cases when the defendant is engaged in activities protected by the First Amendment, A litigant has a constitutional right to access the courts even when suing a defendant on the basis of the defendant’s petitioning activity, as long as it is a meritorious ease.
[¶ 31] Instead of adding our own speculations, we should now affirm our previous understanding of the legislative intent of the anti-SLAPP statute. We have previously noted that “[b]ecause winning is not a SLAPP plaintiffs primary motivation, defendants’ traditional safeguards against meritless actions ... are inadequate.” Morse Bros., Inc. v. Webster, 2001 ME 70, ¶ 10, 772 A.2d 842 (quotation marks omitted). The special motion, therefore, “is a statutory creature designed to protect certain defendants from meritless litigation.” Id. ¶ 15. “[Continued litigation,” not access to the courts, is the “harm that the statute seeks to prevent.” Id. “The special motion to dismiss created by the anti-SLAPP statute is intended ... to dispose of baseless lawsuits that are brought not to vindicate the plaintiffs rights but to punish the defendant for exercising her constitutional right to petition the government ....” Nader I, 2012 ME 57, ¶ 42, 41 A.3d 551 (Silver, J., concurring); see also Maietta Constr., Inc. v. Wainwright, 2004 ME 53, ¶ 6, 847 A.2d 1169.
[¶ 32] Other courts agree. In interpreting a Massachusetts anti-SLAPP statute, which this Court has noted is “nearly identical to 14 M.R.S. § 556,” Nader I, 2012 ME 57, ¶ 22, 41 A.3d 551 (Alexander, J„ majority), the Massachusetts Supreme Judicial Court recognized that the “apparent purpose of the anti-SLAPP statute [is] to dispose expeditiously of meritless lawsuits that may chill petitioning activity.” Duracraft Corp. v. Holmes Prods. Corp., 427 Mass. 156, 691 N.E.2d 935, 943 (1998). There, the Massachusetts Supreme Judicial Court noted that the statute in fact impinged on the adverse party’s right to petition. See id.
*1203 [¶ 33] Rather than deducing the legislative intent of the statute and using it as the basis of our analysis, the Court has misconstrued the purpose of the statute, taken on the job of the Legislature and invented a burdensome new procedure. It requires the trial court to hold an eviden-tiary hearing and to, weigh evidence, fact-finding neither required by the statute nor in line with the Legislature’s intent. Additionally, the trial, court must on its own authority decide whether the plaintiff has met the burden by a preponderance of the evidence. Court’s Opinion ¶ 18. This defeats the purpose of the statute: to provide for expedited consideration of a plaintiffs allegations and minimize litigation costs associated with meritless suits. See Bradbury v. City of Eastport, 2013 ME 72, ¶ 18, 72 A.3d 512. We should defer to the Legislature to make such significant changes to the statute.
B. Constitutional Violations
[¶ 34] The Court’s creation of an eviden-tiary hearing presents conflicts with the Maine Constitution. Article I, section 19 of the Maine Constitution provides that “[e]very person, for an injury inflicted on the person or on the person’s reputation, property or immunities, shall have remedy by due course of law; and right and justice shall be administered freely and without sale, completely and without denial, promptly and without delay.” Similarly, article I, section 20 “guarantees to parties in all civil suits the right to a jury trial, except where by the common law and Massachusetts statutory law that existed prior to the adoption of the Maine Constitution in 1820 such cases were decided without a jury.” City of Portland v. DePaolo, 531 A.2d 669, 670 (Me. 1987). Because the Court now requires fact-finding by an evidentiary hearing that addresses the merits of a case without providing litigants with access to a jury, the new anti-SLAPP procedure violates the Maine Constitution.
[¶ 35] The First Circuit, in addressing Maine’s anti-SLAPP statute, upheld its application in the face of a due process challenge. Godin v. Schencks, 629 F.3d 79, 81-82 (1st Cir. 2010). The court noted that article I, section 20 of the Maine Constitution is an analogue to the .Seventh Amendment of the United States Constitution,[11] and that because the anti-SLAPP statute “is a relatively young statute, not much construed by the state courts, ... there is no reason to think the state courts would construe [the statute] so as to be incompatible with the Seventh Amendment.” Id. at 90 n.18. However, the court did express concern that “to the extent it might be read to allow ... a judge to resolve a disputed material issue of fact, [the statute] would then preclude a party from exercising its Seventh Amendment rights to trial by jury on disputed issues of material fact”’ Id.
[¶ 36] The United States District Court for the District of Massachusetts, remarking upon our holding in Nader I, stated that the “Supreme Judicial Court of Maine got it right.” Hi-Tech Pharms., Inc. v. Cohen, 208 F.Supp.3d 350, 354-55 (D. Mass. 2016). The court reasoned that requiring “more than a prima facie showing that ... petitioning activities ha[ve] no reasonable basis in fact or law ... would *1204 necessarily impinge on the parties’ Seventh Amendment right to a jury trial,” because it “would require [the court] to make factual Endings and credibility determinations that the Constitution reserves to a properly constituted jury of the people.” Id., 208 F.Supp.3d at 354-55. The court there emphasized that if it were required to make findings by a preponderance of the evidence, it would have to “decide which of the affidavits submitted by the parties in connection with the special motion to dismiss it believed.” Id., 208 F.Supp.3d at 354-55. “Such findings are reserved to the fact-finder and, absent the parties’ waiver of their right to a trial by jury, are not properly within the [c]ourt’s domain.” Id. Finally, the court noted that “[i]mposing a low bar on plaintiffs ... also comports with the purpose of [anti-SLAPP] legislation, which is only to prevent meritless suits from imposing significant litigation costs and chilling protected speech.” Id., 208 F.Supp.3d at 355-57 (emphasis and quotation marks omitted).
[¶ 37] Similarly, the Washington Supreme Court has held that an anti-SLAPP statute requiring a trial judge to make a factual determination by clear and convincing evidence of the probability of the plaintiff prevailing on his or her claim is unconstitutional. Davis v. Cox, 183 Wash.2d 269, 351 P.3d 862, 873-74 (2015). Because such a statute “creates a truncated adjudication of the merits of a plaintiffs claim, including nonfrivolous factual issues, without a trial,” it violates the right to trial by jury.[12] Id. at 874.
[¶ 38] For the same reasons why the First Circuit expressed concern with our anti-SLAPP statute, the District of Massachusetts upheld a preliminary prima facie showing under the Massachusetts anti-SLAPP statute, and the Washington Supreme Court held the Washington anti-SLAPP statute to be unconstitutional, the new procedure the Court has created for our anti-SLAPP law is unconstitutional. Imposing an additional burden of proof upon the plaintiff, to prove facts by a" preponderance of the evidence, requires that the trial court evaluate evidentiary issues that are more than likely to be in dispute. The trial court will be forced to weigh evidence that, in the best-case scenario, has been developed through limited discovery, and in the worst-case scenario has been appropriated from the parties’ filings surrounding the motion to dismiss. The former instance replaces a jury with a judge relying upon a scanty factual record, and the latter replaces the jury with a judge relying upon possibly as little as the motions themselves.
[¶ 39] For the above reasons, the Court’s invented procedure abrogates litigants’ rights of access to justice and the right to a jury trial on what could be meritorious factual disputes.
C. Nader I
[¶ 40] Since 2012, we have applied a burden of proof that complies with the plain meaning of the anti-SLAPP statute, the legislative intent of the statute, and our Constitution. In Nader I, we recognized that the “converse summary-judgment-like standard” developed in Morse Brothers, 2001 ME 70, 772 A.2d 842, and applied in Maietta Construction, 2004 ME 53, 847 A.2d 1169, “burden[ed] the constitutional rights at issue” when assessing a *1205 section 556 special motion to dismiss. 2012 ME 57, ¶¶ 32-33, 41 A.3d 551. We therefore held that section 556 “requires only that the nonmoving party provide prima facie evidence to support its burden of showing that the moving party’s petitioning activity was ‘devoid of any reasonable factual support or any arguable basis in law and that the moving party’s acts caused actual injury to the responding party.’” Id. ¶ 33 (quoting 14 M.R.S. § 556). We stated that “a nonmoving party’s action or claim should be allowed to proceed unless the nonmoving party ... by pleading or affidavits, fails to make a prima facie showing that any, rather than all, of the petitioning activities ... were devoid of any reasonable factual support or arguable basis in law.” Id. ¶ 36.
[¶ 41] The prima facie showing that we established in Nader I avoided the constitutional impediments that the Court’s newly-established procedure creates. We recognized in Nader I that the statute was not intended as a substantive abrogation of common law causes of action, rather, it was a procedural mechanism to be treated like other dispositive motions. See id. ¶ 30. The Legislature retains the power to determine which types of claims are available in court by limiting or even abolishing common law tort claims and causes of action.[13] See Peters v. Saft, 597 A.2d 50, 52-54 (Me. 1991); Curtis v. Lehigh Footwear, Inc., 516 A.2d 558, 560 (Me. 1986). But any subrogation by the Legislature of a common law cause of action needs to be clearly stated on the face of the statute. See State Farm Mut. Auto. Ins. Co. v. Koshy, 2010 ME 44, ¶ 34, 995 A.2d 651 (“We will not interpret an ambiguous statute to be in derogation of the common law unless the Legislature clearly expressed the intent to diverge from the common law by the clear and unambiguous language of the statute or by necessary implication.”) The Legislature did not do so here. Maine’s anti-SLAPP statute is a procedural mechanism not intended to substantively affect any existing common law cause of action. See Bradbury v. City of Eastport, 2013 ME 72, ¶ 9, 72 A.3d 512 (“The purpose of the anti-SLAPP statute and the special motion to dismiss is to provide a procedural mechanism to dispose of baseless lawsuits that are brought not to vindicate the plaintiffs rights but to punish the defendant .... ” (quotation marks omitted)).
[¶ 42] The holding in Nader I was “consistent with usual motion-to-dismiss practice,” specifically because—unlike the new procedure—it permitted the trial court “to infer that the allegations in a plaintiffs complaint and factual statements in any affidavits responding to a special motion to dismiss are true.” Nader I, 2012 ME 57, ¶ 33, 41 A.3d 551. That was, and continues to be, the correct approach. Justice Silver, writing in concurrence in that case, noted that “the Court must continue to view this statute as a procedural mechanism consistent with other dispositive motions rather than as a substantive burden on a plaintiffs ability to bring a valid cause of action.” [14] Id. ¶ 40 (Silver, J., concurring). In *1206 creating an extra step not called for by the statute, there is an increased danger of the statute preventing otherwise meritorious cases from reaching a jury. Under the Court’s new procedure, legitimate, meritorious claims brought in good faith may be barred regardless of whether a plaintiff would be able to meet his or her burden on a motion to dismiss or a motion for summary judgment that would be brought during the regular course of a lawsuit.
[¶ 43] As applied in this case, the application of the Court’s new requirement of an evidentiary hearing substantially affects a traditional common law cause of action: defamation. The facts in this case would survive a motion for summary judgment by the defendant, where Gaudette would benefit from all favorable inferences and all disputed issues of fact would be left to the determination of the jury. See M.R. Civ. P. 56. However, under this new fact-finding procedure, a judge could dismiss the action upon a factual determination made by a preponderance of the evidence, despite Gaudette disputing those facts.
[¶ 44] Requiring plaintiffs to prove the statutory elements by a preponderance of the evidence in an evidentiary hearing imposes a substantive burden that goes beyond what the Court contemplated in Nader I. This new procedure burdens the right of access to the courts guaranteed by the Maine Constitution, and violates a litigant’s constitutional right to a jury trial. See Me. Const. art. I, §§ 19-20.
[¶ 45] For these reasons I disagree with the Court’s holding and the imposition of a new procedural step for trial courts to undertake when faced with a special motion to dismiss pursuant to Maine’s anti-SLAPP statute. The significant changes made to Maine’s anti-SLAPP statute by the Court’s decision should be left to the Maine Legislature.
[¶ 46] I respectfully dissent.

. The United States Constitution guarantees citizens the right to a trial by jury. U.S. Const. amend. VII. This right extends to any action analogous to those for which individuals could seek relief in the courts at common law in 1791, See Curtis v. Loether, 415 U.S. 189, 195-96, 94 S.Ct. 1005, 39 L.Ed.2d 260 (1974); see also Nat'l Labor Relations Bd. v. Jones & Laughlin Steel Corp., 301 U.S. 1, 48, 57 S.Ct. 615, 81 L.Ed. 893 (1937). The Seventh Amendment of the United States Constitution does not apply to the states. See, e.g., Vallavanti v. Armour & Co., 264 Mass. 337, 162 N.E. 689, 690 (1928).

. The court noted that frivolous litigation and sham litigation are not constitutionally protected. Davis v. Cox, 183 Wash.2d 269, 351 P.3d 862, 873 (2015) (citing Bill Johnson’s Rests. v. Nat'l Labor Relations Bd., 461 U.S. 731, 743, 103 S.Ct. 2161, 76 L.Ed.2d 277 (1983); BE & K Constr. Co. v. Nat’l Labor Relations Bd., 536 U.S. 516, 524-26, 122 S.Ct. 2390, 153 L.Ed.2d 499 (2002)).

. The Legislature has acted to abolish causes of action in other contexts, such as alienation of affection claims, 14 M.R.S. § 301 (2016), and claims relating to recreational use of land, 14 M.R.S. § 159-A (2016).

. "[N]ot only has this statute been used by different parties than those intended, but it has served an entirely different purpose than the one intended. The 'Goliath' who abuses other forms of petitioning to harass 'David' has now adopted the special motion to dismiss as another obstacle to throw in David's path when he legitimately seeks to petition the court for redress.” Nader v. Me. Democratic Party (Nader I), 2012 ME 57, ¶ 45, 41 A.3d 551 (Silver, J., concurring) (explaining that the anti-SLAPP statute has “rarely, if ever,” been used to combat the types of meritless litigation it was intended to combat).